UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE VELAZQUEZ,

                      Movant,

           -against-

FCI OTISVILLE WARDEN, JAMISON,

                     Respondent.

23-CV-5828 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Jose Velazquez, who is currently incarcerated at the Federal Correctional Institution, in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his conviction and sentence entered in *United States v. Velasquez*, No. 15-CR-0214-3 (M.D. Penn. Nov. 15, 2017).[1] For the reasons set forth below, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

## BACKGROUND

In 2017, Petitioner pleaded guilty in the United States District Court for the Middle District of Pennsylvania to one count of conspiracy to distribute and possess with intent to distribute various narcotics, and one count of sex trafficking by force and coercion, and he was sentenced to a total of 210 months' imprisonment. *See United States v. Velazquez*, No. 3:15-CR-0214, Dkt. 476 (M.D. Penn. Nov. 15, 2017). Petitioner did not file a direct appeal or a postconviction motion under 28 U.S.C. § 2255.

Petitioner now brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his conviction on the ground that the sex trafficking statute under which he was

---

[1] Petitioner did not pay the filing fee or file an application to proceed *in forma pauperis*.

convicted, Section 1591, is "unconstitutionally void for vagueness" based on Petitioner's review of statements by the sponsors of that bill. (ECF 1, at 6.) Petitioner brings this action under Section 2241, invoking the savings clause of 28 U.S.C. § 2255(e), and arguing that Section 2255 is inadequate or ineffective to challenge his sentence and failure to allow collateral review would raise serious constitutional questions as he is "actual[ly] innocen[t] of the statute USCS 1591." (*Id.* at 10.)

## DISCUSSION

### A.  Petitioner may not bring his claims under 28 U.S.C. § 2241

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Under Section 2241, a federal prisoner may challenge the "*execution* of [his] sentence," *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claim – that his Pennsylvania conviction should be vacated because he believes, as a matter of statutory interpretation, the statute under which he was convicted is unconstitutionally vague – falls within the scope of a Section 2255 motion, but outside that of a Section 2241 petition.

Petitioner argues that Section 2241 is nevertheless proper under the "savings clause" of Section 2255(e). In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 143 S. Ct. 1857, 1866 (2023) ("Traditionally, courts have treated the saving clause as covering unusual circumstances in which is it impossible or impracticable for a prisoner to seek relief from the sentencing court.");

2

*Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Petitioner fails to meet these two predicates for a challenge of his sentence under Section 2241. First, he cannot show that Section 2255 is unavailable. The Second Circuit, has held that Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original). Petitioner does not put forth an argument as to why Section 2255 is unavailable to him. Since Petitioner acknowledges that he has never filed a Section 2255 motion with the sentencing court, he is not precluded by the gatekeeping provision of 28 U.S.C. § 2255(h), which prohibits the filing of multiple motions under that section absent Court of Appeals approval, from filing such an application.[2] While a Section 2255 motion may be untimely under Section 2255(f) – the subsection of Section 2255

---

[2] Under Section 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

that addresses the one-year statute of limitations – the failure to satisfy this gate-keeping requirement does not render Section 2255 unavailable.[3] *See Adams*, 372 F.3d at 135; *Carrasquillo v. Schult*, No. 9:09-CV-0516 (DHN) (DEP), 2009 WL 8062983, at *4 (N.D.N.Y. Nov. 4, 2009) ("Because his assertion that section 2255 relief is unavailable is based solely upon the allegation that any request for relief would be untimely, petitioner has failed to establish that section 2255 relief is no longer procedurally available." (citation omitted)). Petitioner has therefore failed to establish that Section 2255 is unavailable to him for purposes of the savings clause.

Second, even if Petitioner did have a viable basis for arguing that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent, as that term is defined for the purposes of the savings clause. The "actual innocence" doctrine recognized in certain *habeas corpus* contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992) (citation omitted). In the context of noncapital cases, such as here, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted).

Here, Petitioner does not argue that he did not commit the acts in question. He instead contends that he is legally innocent based on his reading of the statute. It is true that an intervening change in law could possibly support a showing of actual innocence. *See Stern v. United States*, 2013 WL 71773, at *10 (S.D.N.Y. Jan. 4, 2013) (identifying split of authority of

---

[3] A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

the issue but ultimately assuming without deciding that the *habeas* petitioner was entitled to attempt to "demonstrate his actual innocence based upon an intervening change in the law"); *Petronio v. Walsh*, 736 F. Supp. 2d 640, 658 (E.D.N.Y. 2010) ("[P]etitioners may show actual innocence not only through the introduction of new evidence but by highlighting intervening changes in the law."). However, Petitioner does not point to an intervening change in controlling law. He instead argues, based on his reading of legislative history, that there *should be* a change in the law as it is applied to him. Petitioner is thus asserting a claim of legal, not factual, innocence. Moreover, Petitioner alleges no facts showing that he could not have raised his claims of innocence earlier, either on direct appeal or in a Section 2255 motion. *See Dhinsa*, 917 F.3d at 81 (petitioner invoking the savings clause must (1) 'prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" (citation omitted)). Petitioner therefore fails to show that he is actually innocent.

Because Petitioner fails to show that Section 2255 is unavailable and that he is actually innocent of the crime of which he has been convicted, he may not challenge his conviction under Section 2241.

**B.      Transfer to the Middle District of Pennsylvania**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255, and a motion under Section 2255 must be brought in the district of conviction and sentencing. The Court declines to treat this application as a motion under Section 2255; however, nothing in this order should interfere with the transferee court's discretion to construe this petition liberally and to notify Petitioner of such recharacterization. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Because Petitioner was convicted and sentenced in the United States District Court for the District of

Middle District of Pennsylvania, under Local Civil Rule 83.3, the Court transfers this case to the Middle District of Pennsylvania.

## CONCLUSION

In the interest of justice, the Court directs the Clerk of Court to transfer this action to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1631.

This order closes this case in this court.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 15, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge